The motion is granted, with $10 costs of the motion to the defendant.

---

## SHERWOOD *a.* THE MAYOR, &c., OF NEW YORK.

*New York Superior Court; Special Term, August,* 1860.

MORTGAGOR AND MORTGAGEE.—EFFECT OF ASSESSMENT SALE.

Where mortgaged premises are taken by a municipal corporation for a public improvement, and the whole damages are awarded and paid to the mortgagor, the proceedings being regular, the mortgagee has no right to recover against the municipal corporation the amount of the mortgage. Either the mortgagee's rights as to the land are cut off by the proceedings, or not; and if not, the remedy is by foreclosure.

Dismissal of complaint.

This action was brought to recover the amount of a certain mortgage on two lots now appropriated as a portion of the site for the new reservoir. The plaintiff, who was mortgagee, had no notice of the proceedings, by which the lots were taken into possession by the city except by publication. The commissioners appointed by the Supreme Court to appraise the lands, awarded the value of the two lots to the owner of the fee, without satisfying the mortgage—of the existence of which they were not aware. The owner of the fee obtained the entire award on the coming in of the report of the commissioners, and the mortgagee being left unprovided for, brought this action against the city to recover the value of her interest in the lots, for which her recorded mortgage vouched.

*John T. Hoffman,* for the plaintiff.

*H. H. Anderson,* for the defendants.

WOODRUFF, J.—The facts proved in this case show, in my opinion, that the defendant, or rather that the Croton Aqueduct Board have complied in all things with the requirements of the " act to facilitate the acquisition of lands for a new reservoir in the city of New York," and that the proceedings of the commissioners also conformed to that act. If so, then the defendants acquired the title to the lands in question, and were only liable to pay to the persons who, by the report of the commissioners, duly confirmed, were found entitled to the sums awarded for the lands.

This is so, unless the act itself is unconstitutional, and if that could be maintained, then the only consequence is, that the defendants, or persons acting for them, and in their behalf, have committed a trespass upon, and taken possession of lands whereof the legal title is in Maria A. Moore, the mortgagor, but on which the plaintiff holds a mortgage.

For this the mortgagee cannot maintain an action against the defendants to recover the amount of her mortgage upon any principle with which I am acquainted.

So if the Croton Aqueduct Board, or the commissioners of assessments, did not comply in all things with the provisions of the act, one of two consequences result. Either the subsequent confirmation of the report by the Supreme Court is conclusive upon the defendants, notwithstanding such omission, or the plaintiff is not affected by the proceedings, and then, as before, she is only in the condition of a mortgagee claiming to recover the amount of the mortgage from a person who (without authority as against her) has entered upon the mortgaged premises, while in the mortgagor's possession, and holds the possession claiming title.

Suppose the mortgagor had conveyed the lot to the defendants, and they had entered under the title so acquired, no such action as the present would lie against them.

But if, in supposing the defendant concluded, I am in error, then I am clear that she has mistaken her remedy. If her rights are cut off by the proceedings in the question, then she is in the same situation she would be if the premises had been sold for assessments—a situation of hardship it doubtless is. But if her rights are not so cut off, her remedy is by the foreclosure of her mortgage. The defendants have acquired

the title of mortgagor, and by doing this, and taking possession, they have not made themselves liable for the mortgage debt.

The complaint must be dismissed, with costs.

## FLOYD *a.* BLAKE.

*Supreme Court, Third District; Special Term, September,* 1860.

ATTACHMENT.—ACTION FOR THE RECOVERY OF MONEY.

An attachment, as a provisional remedy under the Code, may issue as well in actions to recover damages for wrongs, as in actions of contract, when defendant is not a resident of the State, or has departed with intent to avoid service, or keeps himself concealed with that intent. An action to recover damages for a wrong is deemed an action for the recovery of money.[*]

Motion to vacate an attachment.

This was an action of assault and battery. The defendant having departed or being concealed, plaintiff procured an attachment, as a provisional remedy under the Code, which the defendant now moved to vacate.

*Wesley Gleason,* for the motion.

*G. F. Batcheller,* opposed.

JAMES, J.—It is conceded that this action is to recover damages for an assault and battery. It was commenced by the issuing and delivery of a summons for service, which the officer

---

[*] This view is supported by Ward *a.* Begg (18 *Barb.,* 139); and Hernstien *a.* Mathewson (5 *How. Pr.,* 196); but the contrary was held in Gordon *a.* Gaffey (*Ante,* 1). Compare also Ackroyd *a.* Ackroyd (*Ante,* 345). The words, "in an action *arising on contract,* for the recovery of money," which occur in section 129 of the Code, relating to the form of summons, are construed to mean an action to recover a liquidated demand arising on contract. (Tuttle *a.* Smith, 6 *Ante,* 329, and cases there cited.)