KISSINGER *v.* HANSELMAN.

HIGHWAY.—*Neighborhood Road.*—A neighborhood road is not a private road, and the question whether the right of eminent domain may be exercised to take land for a private road is not applicable to it.

SAME.—*Location of.*—*Record.*—The record of the board of county commissioners in a proceeding to locate a highway need not contain the evidence by which it was proved that the proper notice had been given of the intention to present the petition for the highway;—it is enough if the record shows that the fact was proved, without showing how it was proved.

JUDGMENT.—*Form of.*—*Supreme Court.*—A question as to the form of a judgment cannot be made in the Supreme Court if not saved by objection and exception below.

APPEAL from the Vanderburgh Common Pleas.

This was an action by the appellee against the appellant, the complaint alleging, that in 1861, the board of commissioners of Vanderburgh county, at their December term, located a certain road, described in the complaint, and ordered it to be opened by the appellee to the width of twenty-five feet, on payment of damages assessed; that the damages assessed were paid, and said road was opened according to law; that on the — day of February, 1865, the appellant obstructed said road by building a fence thereon, and now obstructs said road by maintaining a fence along, upon, and across the same; that the fence is an obstruction to the free use of appellee's property, to the great damage and inconvenience of appellee and other citizens; and that said obstruction essentially interferes with the appellee in the com-

fortable enjoyment of his property, to his damage in the sum of one hundred dollars. Prayer for judgment for one hundred dollars as damages, that the nuisance be abated, and that the defendant be enjoined, &c.

The defendant answered in three paragraphs, first, the general denial; second, admitting the obstruction, but alleging that the fence was placed across the road by the license of the plaintiff; third, that the cause of action did not accrue within two years.

Reply in denial. Trial by jury. Verdict for the plaintiff, with one cent damages. Motion for a new trial overruled, and exception. Judgment for one cent; for the removal of the fence; and enjoining the maintenance thereof.

The overruling of the motion for a new trial, and the rendering of the judgment set out in the record, are assigned as errors.

Under the former assignment, the appellant claims that the act authorizing the location of private roads is unconstitutional, and that the board of commissioners therefore had no power to locate the road in question; also, that the proceedings of the board of commissioners, introduced in evidence, did not show the requisite notice, and that therefore the order of the board was void.

The petition to the commissioners, signed and presented by twenty-three citizens of the township, asked the location of "a certain private road, for the purpose of having access to the burial ground known as," &c.

FRAZER, J.—We are of opinion that the road in question was a *public* highway, and, consequently, that the questions most pressed for the appellant are not in the case. We cannot assent to the position assumed by the Supreme Court of Missouri, in *Dickey* v. *Tennison,* 27 Mo. 373, that a neighborhood road is only a private road. If that be so, then half the highways in Indiana are of that class—void in their inception, if, as the appellant contends, the right of

·eminent domain cannot be exercised to take land for them; .and not in any respect under· the jurisdiction of the local authorities, nor to be opened or kept in repair by the public.

The commissioners' record need not contain the evidence by which it was proved that the proper notice had been .given of the intention to present the petition for the high-way; it is enough that it should appear by the record that the fact was proved, and it need not be shown how it was proved.

Whether the decree of injunction was erroneous is not a ·question in the record, not having been saved by an objection and exception below.    *Stretch* v. *Schenck*, 23 Ind. 77.

Affirmed, with costs.

*C. Denby, D. B. Kumler,* and *J. G. Jones,* for appellant.

*A. Iglehart* and *R. A. Hill,* for appellee.