[No. 3,684.]

# SOUTHERN PACIFIC RAILROAD COMPANY *v.* WILLIAM C. WILSON.

CONDEMNATION OF LAND FOR A RAILROAD.—In an application by a railroad company to condemn land, if damages are assessed for an undivided interest in a tract of land, the company cannot move to set aside the report of the Commissioners as to such undivided interest, but the motion, if made, must be to set aside the report as to the whole tract in which the party owns an undivided interest.

RIGHT OF EMINENT DOMAIN.—In special proceedings by which private property is taken for public use, the statute must be strictly pursued.

APPEAL from the County Court, County of Santa Clara.

The plaintiff, on the 6th day of December, 1871, filed its

petition to condemn land for railroad purposes. There were a large number of defendants. William C. Wilson answered, setting up that he owned one undivided one-twelfth of the land described in the petition, and that the tract contained eight thousand eight hundred and eighty acres, and that his interest in it was seven hundred and fifty acres. The Commissioners found that Wilson owned said undivided one-twelfth, and awarded him $675 damages. The plaintiff moved in the County Court to set aside the report of the Commissioners as to the defendant Wilson, and as to his interest in the " Rancho Las Animas." Said "rancho" was the one in which Wilson owned an interest. The County Court, on the 27th of November, 1872, refused to set aside the report, and the plaintiff appealed.

*C. B. Younger,* for the Appellant.

*Moore, Laine & Leib,* for the Respondent, argued that the statute did not permit the appellant to move to set aside the report as to Wilson, or his interest in the land.

By the Court, RHODES, J.:

The Commissioners reported that the defendant owned an undivided interest in a portion of the lands over which the plaintiff sought to acquire the right of way, and that they assessed the value of his interest at a special sum. The plaintiff moved that the report of the Commissioners as to the defendant and his interest in the lands be set aside and a new trial be granted. The motion was denied, and from that order the appeal is taken.

The thirty-first section of the Act of May 20, 1861, to provide for the incorporation of railroad companies (Stats. 1861, p. 607), provides that the railroad company or any of the defendants may " move to set aside the report, and to have a new trial as to any tract of land; and upon good cause shown therefor the said Court or Judge shall set aside the report as to such tract of land, and may re-commit the matter to the same or other Commissioners," etc; but the Act makes no provision for the setting aside of the report as to the undivided interest of a defendant in a tract

of land. It is a rule of universal recognition that in special proceedings, by which private property is taken for public use, the statute must be strictly pursued.

If the plaintiff was dissatisfied with the report, in respect to the damages awarded to the defendant, it should have moved to set aside the report as to the tract or tracts of land, in which it was found that he held an undivided interest. The propriety of this provision would be manifest if a defendant, claiming a greater interest in a tract of land than the Commissioners had found that he held, should move to set aside the report, as to his interest, leaving it to stand as to the interests of his co-tenants; for if he was successful the company might be required to pay twice for the same interest.

Order affirmed. Remittitur forthwith.

Mr. Chief Justice WALLACE, being disqualified, did not sit in this case.

Mr. Justice NILES did not express an opinion.