## The Grand Rapids, Newaygo & Lake Shore Railroad Company v. George Alley and another.

*Railroads: Proceedings to condemn lands: Parties: Undivided interests.*
It is requisite in proceedings to condemn land for railroad purposes, where the whole parcel is required and found necessary, to have all the tenants in common thereof before the court; and it is not competent to proceed separately against the owners of an undivided interest while another undivided interest remains outstanding.

*Practice: Proceedings to condemn lands: Joint owners: Dismissal.* And a dismissal of such proceedings as to a portion of the joint owners, for want of service, is practically a dismissal as to all, since it leaves the court without power to proceed further with the inquest.

*Heard April 11.    Decided April 18.*

Appeal from Probate Court of Newaygo County.

No counsel appeared for the railroad company.

*Smith, Nims & Erwin,* for respondents.

CAMPBELL, J:

The appellee, a railroad company organized under the general railroad laws of this state, applied to the probate court of Newaygo county to obtain a condemnation of lands. It set forth that only three parcels were required to be taken

in that county, one belonging to Benjamin Coolbaugh, a second to Samuel Thomas, and a third to respondents, George Alley and George M. Smith, and Charles G. Alley and James Alley.

Upon the day when the parties were required to appear, the respondents appeared, but no service was shown on Charles G. Alley or James Alley, and as to them the petition was dismissed. Further proceedings, against which several objections were made, were had, which resulted in a finding that it was necessary to use the property, that each of the respondents named had an undivided fourth interest in the third parcel, and that each of them should receive seventy-five dollars damages, the value of the whole being assessed at three hundred dollars.

As it appeared on the face of the proceedings that the respondents owned only an undivided half, and as the whole of the parcel was required and found necessary, and the remaining half was owned by persons known and named, it was absolutely necessary to have all the owners of the same parcel before the court. A railroad cannot be built on less than the whole estate, and the statute does not permit the absurdity of having the necessity of taking two undivided interests in the same parcel determined separately. If either half is not needed, the rest cannot be. The statute (§ 2315) is express, that a copy of the petition must be served, actually or constructively, "on all persons whose interests are affected by the proceedings." Wherever the owners of any parcel are not all before the court, no proceeding can be had which will affect any of their interests, because a single outstanding interest, if found unnecessary by a jury, would defeat the entire proceeding.

By dismissing the proceedings as against Charles and James Alley, they were, therefore, practically dismissed as to all, and there was no further power in the court to proceed with the inquest.

As the railroad company has not appeared in this court,

34 MICH.—3.

and as this defect is jurisdictional, it would not be wise, on an *ex parte* hearing, to decide the other numerous and important questions presented by the record.

The proceedings must be quashed, with costs of both courts. There is nothing to amend by.

The other Justices concurred.