MICHIGAN AIR LINE RAILWAY COMPANY v. WILLIAM H. BARNES ET AL.

SAME v. MARY A. PATON.

*Condemnation of lands—Jurors—Appeals.*

In proceedings to condemn lands for a railroad right of way, mortgagees of the land must be defendants; and a discontinuance as to them without adjudicating on their rights is fatal to the proceedings.

One who has given his note to a railroad company to aid in the construction of its road is disqualified as a juror in proceedings to condemn land for its right of way; and the disqualification cannot be removed by stipulation between the parties.

It is against the policy of the law to let an interested person sit as judge or juror.

A person whose rights are affected by the result of proceedings to condemn land can appeal, even though they had been discontinued as to him; so *held* of a mortgagee.

A stipulation fixing damages is not a judicial proceeding but an agreement between the parties.

Appeal from an order of the Circuit Court for Oakland county, confirming the finding of a jury condemning certain lands for a right of way. Submitted January 24. Decided January 31.

*Joseph H. Holman* and *Henry M. Cheever* for appellants. Persons who are interested in the opening of a railroad cannot sit as jurors in proceedings to condemn land for a right of way, Cooley's Const. Lim., 411;

*Washington Ins. Co. v. Price*, 1 Hopkins' Ch., 1; *Peninsular Ry. Co. v. Howard*, 20 Mich., 25; *Pearce v. Atwood*, 13 Mass., 340; *Peck v. Freeholders*, 20 N. J. Eq., 457; *Com. v. McLane*, 4 Gray, 427; *Dively v. Cedar Falls*, 21 Ia., 565; *Dimes v. Proprietors*, 3 H. L. Cas., 759; *Com. v. Reed*, 1 Gray, 475; *Com. v. Emery*, 11 Cush., 406; *Hill v. Wells*, 6 Pick., 104.

*E. R. Willcox* and *Hoyt Post* for the railway company.

MARSTON, J.   These cases were heard together and will be disposed of as one case.

In the petition for acquiring the right of way, it was set forth that Mary A. Paton owned or claimed to have an estate or interest in the lands sought to be acquired. Mary A. Paton did not appear, and a discontinuance as to her was entered.   It appeared that she had a mortgage upon the premises.   The statute under which these proceedings were instituted requires the names and places of residence of the parties "who own, or have, or claim to own, or have estates or interests in said lands or property"     *     *     *     "together with such other facts and allegations as to incumbrances or otherwise, as will be sufficient to show who have, or claim to have, interests in said lands." 1 Sess. L., 1873, p. 511, § 18.

It is clear that under this statute incumbrancers must be made parties in the first instance, and if so the design could not have been to make them parties in the petition and then discontinue as to them afterwards.   The whole object was to enable the railroad company to acquire an unencumbered title to the lands, and this could only be done by bringing in all parties interested in the premises and retaining them until their rights were adjudicated upon.   The interest of a mortgagee in lands sought to be acquired by a railroad company may be far greater than those of the mortgagor, and the interest sought by the company must in all cases affect the rights of the mortgagee, while in some it would be an

entire destruction thereof. Other considerations might be mentioned, but the above are sufficient. The statute wisely provides for settling all questions, so far as known, concerning the rights and interest of parties, in one proceeding, and within the principle of *Grand Rapids etc. v. Alley*, 34 Mich., 16, the discontinuance was fatal.

Another question was raised which may become important in subsequent proceedings.

It appeared that some of the jurors had given their notes to the railway company to aid in the construction of the road, "payable when the cars run over the said road from Romeo to the city of Pontiac." This clearly rendered such persons incompetent to sit as jurors in the case. The fact of giving such a note shows them to have been interested in the construction of the road to the city in which these lands were located, and that they had agreed to materially assist the company in so building the road. It is evident that to a company thus seeking and receiving aid, the amount it may have to pay for the right of way must become a very material fact. Every dollar it can thus save is equivalent to so much subscribed to aid in the construction, so that these jurors, by reducing the damages to be paid in this case would by just so much be aiding the company in the construction of its line between the points named. The less damages the company should be obliged to pay, the greater the probabilities of the construction of the road. These considerations may have had no influence whatever with the jury in this case, and it is not necessary that they should have. The law very wisely prevents all danger of abuse, by declaring that any person interested shall thereby be disqualified.

In this case it is claimed the counsel for the respective parties, knowing that these jurors were so interested, stipulated that they should nevertheless act. We do not so understand the stipulation. But even were this so, still we think the objection would not thereby be removed.

40 MICH.—49.

The policy of the law forbids an interested person from sitting as a judge or juror in that case. Were this permitted, no matter how impartially and honestly the person should act, yet his motives would be questioned, and the result could only be to bring the administration of the law into disrepute. The law looks beyond the effect upon the immediate parties to the action. And while they might by stipulation waive any personal objections they might have or be entitled to, yet in so far as the rights or interests of the public were concerned, they could not waive them.

They might have stipulated that the damages should be fixed and determined by the railroad company, and been bound thereby, but the proceeding in such a case would not be a judicial one in the courts and in accordance with the laws of the land, but one created by the parties, and governed by their agreement. It was said Mrs. Paton could not appeal, the case having been discontinued as to her. But she having an interest in the premises, her right could not be cut off in this way.

The proceedings in each case must be set aside and held for naught, with costs.

The other Justices concurred.