Platt v. Bright.

JOHN II. PLATT, assignee,

*v.*

ANNA E. BRIGHT and others.

Where mortgaged premises are converted into money by virtue of condemnation proceedings, the rights of the mortgagee remain unaltered and he is entitled to the money as an equivalent for the land. And, where the full value of the land taken has been awarded and paid into this court, equity will protect the condemner against the lien of an encumbrancer who has not been made a party to the proceedings in condemnation. The power to extend such protection does not depend on the act of 1877 "respecting the awards of commissioners in cases of lands and real estate taken or condemned by law, and appeals therefrom," but is inherent in this court.

———

Bill to foreclose. On final hearing on pleadings and proofs.

*Mr. R. Allen, Jr.,* and *Mr. T. N. McCarter,* for complainant.

*Mr. W. H. Vredenburgh,* and *Mr. F. Fellowes* of New York, for Mr. and Mrs. Bright.

THE CHANCELLOR.

The question presented for decision is the same which was presented under other circumstances at an earlier stage

NOTE.— Although the title of lands is not necessarily involved in condemning them (*State* v. *Hudson Tunnel Co.,* 9 *Vr.* 17; *Selma R. R.* v. *Camp,* 45 *Ga.* 180; *Peoria &c. R. R.* v. *Bryant,* 57 *Ill.* 473; *Peoria &c. R. R.* v. *Laurie,* 63 *Ill.* 264; *St. Louis R. R.* v. *Teters,* 68 *Ill.* 144; *Directors* v. *R. R. Co.,* 7 *W. & S.* 236), yet the assessments, whether for damages or benefits, must be made to the actual owner (*Rosa* v. *Mo. &c. R. R.,* 18 *Kan.* 124; *Northern R. R.* v. *Gould.* 21 *Cal.* 254; *Rooney* v. *Sac. R. R.,* 6 *Cal.* 633; *Lull* v. *Curry,* 10 *Mich.* 397; *Webster* v. *Southeastern R. R.,* 1 *Sim.* (*N. S.*) 272; *Hagar* v. *Brainard,* 44 *Vt.* 294); and where the entire ownership or title is not vested in one person, the interest of each must be ascertained and compensated.

6

Platt v. Bright.

of the cause, and on which an opinion was then at least intimated. *Platt* v. *Bright, 2 Stew. 128.* The suit is for foreclosure and sale of mortgaged premises. The bill was filed December 17th, 1872. After it was filed, part of the property was taken under proceedings for condemnation begun February 3d, 1873, by the New Egypt and Farmingdale Railroad Company. The report of the commissioners was made March 17th in that year. The award was in favor of Mr. and Mrs. Bright, the mortgagors, alone. The latter was the owner of the land. They alone were notified of the proceedings in condemnation. The charter provides for notice to the persons interested in the property to be taken. The complainant, after the award had been made, filed a petition in this court for the payment of the money into court, stating the appropriate facts, and alleging that the company was about to pay over the award to the mortgagors; that the mortgaged premises were but a slender security, and that the company, in adapting the land taken to its purposes, intended to make a deep cut therein which would do it great injury. Under the petition, the money was paid into court. Subsequently the mortgagors applied by petition for the payment to them of part of the money paid in, on the ground that it was awarded in respect to other adjoining property, both properties being treated in the award as one.

As to the proper method of determining this as between

I. A mortgagor and mortgagee—see, in addition to the chancellor's citations in his opinion (*Merritt* v. *Northern R. R. Co., 12 Barb. 605; Sherwood* v. *New York, 11 Abb. Pr. 347; Gimbel* v. *Stolte, 59 Ind. 446; Wilson* v. *European &c. R. R., 67 Me. 358; Norwich* v. *Hubbard, 22 Conn. 587; Aspinwall* v. *Chicago &c. R. R. Co., 41 Wis. 474; Parker's Case. 36 N. H. 84; Central Park Case, 16 Abb. Pr. 56; Ala. & Fla. R. R.* v. *Kenney, 39 Ala. 307; Pile* v. *Pile, L. R. (3 Ch. Div.) 36; Martin* v. *London R. R., L. R. (1 Eq.) 145; Whitney* v. *New Haven (Conn.), 7 Reporter 41; Mills on Em. Dom. § 74).*

II. A tenant for life and remainderman (*Folley* v. *Passaic, 11 C. E. Gr. 216; Passmore* v. *Phila. &c. R. R., 9 Phila. 579; Chicago R. R.* v. *Smith. 78 Ill. 96; Railroad Co.* v. *Bentley (Pa.), 7 Reporter 246; Mills on Em. Dom. § 73).*

III. Tenants in common or joint owners (*State* v. *Fischer, 2 Dutch. 129; Grand Rapids R. R.* v. *Alley, 34 Mich. 16; Southern Pac. R. R.*

Platt *v.* Bright.

That application was granted and part of the money paid over, leaving $6,610 in court as the value of land and damages awarded in respect to the part of the mortgaged premises taken. In the course of the proceedings in the cause, and in disposing of exceptions to a master's report, leave was given (*Platt* v. *Bright, ubi supra*) to make the railroad company a party to the suit, in view of its right to equities. In accordance with that leave, the complainant filed a supplemental bill, making the railroad company a party and stating the facts as to the condemnation and the disposition made, as before stated, of the money awarded. The counsel of Mr. and Mrs. Bright again claim, as on the argument on the hearing before referred to, that the fact that the award was made to them is conclusive as to their right to the money. The consideration that the amount awarded for consequential damages to the mortgaged premises and the adjoining tract is greater than the money in court, is also presented, and it is insisted that those damages are, in part at least, merely personal, having been given for compensation for the personal damage and inconvenience occasioned by the railroad to Mr. and Mrs. Bright and their family, or tenants residing on the part of the premises not taken, for risk of fire, increase of care and attention to live stock, &c. (*Doughty* v. *Somerville R. R. Co., 2 Zab. 495*), and, therefore,

v. *Wilson, 49 Cal. 396 ; Reed* v. *Hanover R. R., 105 Mass. 303 ; Draper* v. *Williams, 2 Mich. 536 ; Chicago R. R.* v. *Hurst, 30 Iowa 73 ; Romig* v. *Lafayette, 33 Ind. 30 ; Rex* v. *Trustees, 5 Ad. & El. 563 ; Mills on Em. Dom. § 73*).

IV. Tenants for years and reversioners (*Colclough* v. *Nashville R. R., 2 Head 171 : Davidson* v. *Boston R. R., 3 Cush. 91 ; Lister* v. *Lobley, 6 Nev. & Man. 340 ; Ex parte Winder, L. R. (6 Ch. Div.) 696 ; Ex parte Edwards, L. R. (12 Eq.) 389 ; Deere* v. *Guest, 1 Myl. & Cr. 516 ; Mills on Em. Dom. § 68*).

V. Husband and wife (*Covert* v. *Hulick, 4 Vr. 307 ; Sharplees* v. *West Chester, 1 Grant 257 ; Ross* v. *North Providence, 10 R. I. 461 ; Pickert* v. *Ridgefield Park R. R., 10 C. E. Gr. 316 ; Ball* v. *Balfe, 41 Ind. 221 ; New Orleans* v. *Wire, 20 La. Ann. 500 ; Wilkin* v. *St. Paul R. R., 22 Minn. 177 ; Mills on Em. Dom. § 71*).

VI. A tenant at will and a subsequent purchaser of the reversion (*Carnochan* v. *Norwich R. R., 26 Beav. 169*).

Platt *v.* Bright.

are not to be regarded as in any way subject to the mortgage. On this point, it is enough to say that all the damages so given were given with respect to the mortgaged premises, and were awarded for the injury to the property, the considerations of danger and inconvenience before referred to rendering the property less valuable, and hence the award of damages therefor. Nor is the position tenable that the fact that the award was made to Mr. and Mrs. Bright, is conclusive as to their right to the money and decisive against the claim of the complainant thereto. The railroad company has not only taken a part of the mortgaged premises by condemnation, but it has entered into possession of it and made a deep excavation for the bed of its railroad, doing great injury to the property. The mortgagors have acquiesced in the action of the court as to the money awarded with respect to the mortgaged premises, and the effect of that acquiescence has been that the complainant took no steps against the railroad company to prevent it from injuring the premises, but acquiesced in the occupation of the premises by the company and the adaptation of the property to its purposes. It is true, as against the company, the right of the complainant as mortgagee is unaffected by the proceedings in condemnation, for he was not a party to them. *State, National Railway Co.* v. *Easton & Amboy R. R.*

VII. Executors and devisees or heirs (*Combs* v. *Blauvelt, 4 Vr. 36; Todemier* v. *Aspinwall, 43 Ill. 401; Martin* v. *Cullen, 3 Stew 427, note; Buckner* v. *Savannah R. R., 7 Rich. (N. S.) 325; Central R. R.* v. *Merkel, 32 Tex. 723; Mills on Em. Dom. ¿ 67*).

VIII. Vendors and vendees (*Davis* v. *East Tenn. R. R., 1 Sneed 94; Com.* v. *Shepard, 3 Pa. 509; Stewart* v. *Raymond, 7 Sm. & Marsh. 568; Mims* v. *Macon R. R., 3 Kelly 333; Curran* v. *Shattuck, 24 Cal. 427; Cornwell* v. *Springfield &c. R R., 81 Ill. 232; Lewis* v. *Wilmington R. R., 11 Rich. 91; Rand* v. *Townshend, 26 Vt. 670; Des Moines* v. *Cassaday, 21 Iowa 571; Dreake* v. *Beasley, 26 Ohio St 315; Meginnis* v. *Nunamaker, 64 Pa. St. 374; Elizabethtown R. R.* v. *Helm, 8 Bush 681; Mills on Em. Dom. ¿ 66*).

IX. The owner of an easement and that of the fee (*Hough* v. *Doylestown, 4 Brews. 333; Barclay R. R.* v. *Ingham, 36 Pa. St. 194; Galena R. R.* v. *Haslam, 73 Ill. 494; Thicknesse* v. *Lancaster Co., 4 M. & W. 471; Rhines* v. *Clark, 51 Pa. St. 96*).

Platt *v.* Bright.

*Co., 7 Vr. 182.* And in proceedings to condemn, as against the complainant as mortgagee, the company would be required to pay only the value of the property as it was when it took possession. *North Hudson Co. R. R. Co.* v. *Booraem, 1 Stew. 450.*

But though such are the relations of the complainant and the railroad company at law, it is very clear that the latter, having paid the full value of the land and damages without deduction for or regard to encumbrances, has, under the circumstances, the right in equity to protection as against the lien of the mortgage. It is clearly proved that the award was for the whole value of the land and damages. It is. undeniable that it would be highly inequitable to direct the payment of the whole award to Mr. and Mrs. Bright, and subject the company to the liability to pay the mortgage or any part of it. The effect of making the complainant a party to the condemnation proceedings would have been merely to bind him thereby and transfer to the company his interest as mortgagee. The award would still have been to the owner, and the complainant must have had recourse to this court to secure his interest therein, if it had not been conceded. *McIntyre* v. *Easton & Amboy R. R. Co., 11 C. E. Gr. 425.* Although the award did not (because he was not a party to the proceedings) prohibit him from enforcing the lien of his mortgage on the land, as against the company, he was at liberty to deal with

---

X. The owner of mines and that of the surface (*People.*v. *Eldredge, 3 Hun 541;* *Evans* v. *Haefner, 29 Mo. 141;* *West Covington* v. *Freking, 8 Bush 121*).

XI. A party with a doubtful or contingent title (*Cator* v. *Croydon Co., 4 Y. & C. 405*).

XII. Legatees whose legacies are charged on the lands taken and the devisee (*Reese* v. *Addams, 16 Serg. & R. 40*).

XIII. Judgment creditors with liens thereon (*Watson* v. *N. Y. Central R. R., 47 N. Y. 157;* *Chicago R. R.* v. *Chamberlain, 84 Ill. 333;* *Gimbel* v. *Solte, 59 Ind. 446*).

No agreement or combination of the owners of different interests in lands condemned, can increase or affect the value of their aggregate interests. *Burt* v. *Merchants Ins. Co., 115 Mass. 1.*—Rep.

the award as a conversion of part of the mortgaged prem-
ises into money, and enforce his lien thereon. Equity
required him to take that course, under the circumstances.
He was under no hard necessity to have recourse to the
company, directly or indirectly. The fact that his interest
was not, as between him and the company, affected by the
condemnation proceedings, and that the award was to the
mortgagors, did not bar him from recourse for satisfaction
of his mortgage to the money, though, by the award, it was
payable to the mortgagors. As before stated, it appears
clearly that the award was for the whole value of the land
taken and damages to the rest of the mortgaged premises.
Where the mortgaged premises are converted into money,
the rights of the mortgagee remain unaltered and he is enti-
tled to the money as an equivalent for the land. *Belchier* v.
*Butler,* 1 *Eden 523; Bank of Auburn* v. *Roberts, 44 N. Y.
192; Brown* v. *Stewart, 1 Md. Ch. 87; Astor* v. *Hoyt, 5
Wend. 603; Astor* v. *Miller, 2 Paige 68; Jones on Mort.
§ 708; Schuylkill Nav. Co.* v. *Thoburn, 7 S. & R. 411; Reese* v.
*Addams, 16 Id. 40; Matter of Noble St., 1 Ashm. 276; John
and Cherry Sts., 19 Wend. 659.* In *Wheeler* v. *Kirkland, 12
C. E. Gr. 535,* where land was taken by condemnation and
the award was to the husband, equity decreed compensation
for the wife's inchoate dower out of it. In *Bank of Auburn*
v. *Roberts, ubi supra,* money awarded by the state as com-
pensation to the owners of land for damages (depreciation
in the value of mill property occasioned by the abandon-
ment of a canal), was held to be subject to the lien of a prior
mortgage upon the land to an extent sufficient to satisfy any
deficiency upon foreclosure and sale of the premises.

The act of 1877, "respecting the awards of commis-
sioners in cases of lands and real estate taken or condemned
by law, and appeals therefrom" (*Rev. p. 1278*), provides that
whenever it shall appear to the chancellor that the lands
taken pursuant to any law of this state, or act of incorpora-
tion, are encumbered by any mortgage, judgment or other
lien of any kind, the money awarded to the owner or

owners of such lands may, by order of the chancellor, be paid into the court of chancery, and shall be there distributed according to law. The counsel of the mortgagors insist that, inasmuch as the award was made and the money paid into court before the passage of that act, the act can not be applied to this case, and it is argued that the award is in the nature of a contract, and that the application of the act will contravene the constitutional prohibition against legislation impairing the obligation of a contract or depriving a party of any remedy for enforcing a contract which existed when the contract was made. It is quite obvious, however, that the award is not a contract or in the nature of a contract. A contract, as defined by Chief Justice Marshall, in *Sturgis* v. *Crowninshield, 4 Wheat. 197,* is "an agreement in which a party undertakes to do, or not to do, a particular thing." The obligation to pay an award does not rest on contract, but on necessity imposed by the legislature and arising from constitutional prohibition. The payment or tender of the amount of the award is the performance of a condition precedent, not the execution of a contract.

The act of 1877 provides for the distribution of money awarded on condemnation, among those who are justly entitled to it. Legislation authorizing such action, to a certain extent, existed when that act was passed, and had existed for nearly twenty years. (*Rev. p. 897 § 312.*) But the power to make such distribution is not derived from the statute alone. It arises, independently of it, from the necessities of the administration of justice, and is inherent in this court. The necessity for the action of a court to adjust the claims of parties interested in the money awarded on condemnation, was shown in *McIntyre* v. *Easton & Amboy R. R. Co., 11 C. E. Gr. 425, (1875).* The provisions for condemnation in the charter of the Easton and Amboy Railroad Company are similar to those in the charter of the New Egypt and Farmingdale Railroad Company. The latter charter, like the former, gives to the owner or owners the right to recover the amount of the valuation; gives to

Platt v. Bright.

the company and the " owner or owners of the land," alone, the right of appeal, and makes no provision for the assessment of the damages of persons who may have merely an equitable estate in, or lien on, the property condemned. On the subject of the necessity of recourse by the owners of equitable estates, or the holders of equitable claims or liens on the property, to a court for distribution, it was said, in the case just referred to, that a construction of the charter which would require the assessment of the damages of such persons, would necessitate the adjudication by the commissioners on the validity and extent of such estates, interests or liens—adjudications which they, obviously, would, oftentimes, at least, not be competent to make, and which, if made by them, would be likely to embarrass the award with questions which a court of equity alone could decide. It was declared that no such duty is required of them, and that their province is to estimate the value of the land and the damages, and that all claims of equitable estates, interests or liens in or on the land are to be left to be disposed of by agreement of the parties, or by the appropriate tribunal. And, as was intimated in the former opinion in this case, in view of the fact that the condemnation money is in this court, appropriate relief, under the act of 1877 itself, will be extended to the railroad company in the premises.

The company is now a party to this suit, by reason of the condemnation proceedings, which took place *pendente lite*. It has an undoubted equity to have all the rest of the mortgaged premises sold, for the payment of the complainant's mortgage, before recourse is had to the part taken by it by condemnation. It has, also, the superior right to have the condemnation money applied to the payment of the mortgage debt, in exoneration of the land taken by condemnation.

The claim made by Mr. and Mrs. Bright is placed wholly on merely legal grounds. The argument is, that, because the award is to them, therefore the money is to be paid to them, at all events, and in utter disregard of any claim

under the mortgage. To the suggestion that the mortgagee has an equitable lien on the money arising from the condemnation, it is replied that the mortgagee's lien upon the land condemned is not affected by the proceedings of condemnation, and that, therefore, Mr. and Mrs. Bright are to have the award, the full value of the land taken and damages, and the company is to protect itself as best it may against the mortgage. Such a position cannot be supported in a court of conscience. It is impossible to perceive how they can be injured by applying the money, if their absolute right to it be admitted, to the payment of their debt. The railroad company has never agreed to indemnify them against the mortgage debt, or any part of it. They ask, substantially, that the money received from the condemnation of part of the mortgaged premises shall be paid over to them, notwithstanding and in utter disregard of any claim of the mortgagee thereon under the mortgage, and that he be compelled to have recourse to the rest of the premises for the payment of his debt, and, if that be insufficient for the purpose, then to the land condemned. The mere statement of the proposition demonstrates its inequitable character and its inadmissibility.

There will be a decree that the money in court be applied to the payment of the complainant's mortgage, and that the mortgaged premises be sold to pay the deficiency, subject to the right of the railroad company.