CHESTER RAND, J. FRANKLIN, JR. & OTHERS *v.* THE TOWN OF TOWNSHEND.

*Session proceedings. Re-appraisal of land damages, for laying out highways. Certiorari. Mandamus.*

In a petition for a re-appraisal of land damages for laying out highways, any num ber of land owners, though holding by independent titles, may join in the same petition.

The owner of the land, at the time the road is laid, is the person and the only person, to petition for a re-appraisal of damages.

Where the judgment of the county court in such proceedings is erroneous, the writ of *mandamus* under our practice is the most appropriate proceeding.

PETITION for a writ of *certiorari.* The facts in the case are substantially as follows:

In 1841, the selectmen of Townshend, laid out the highway in question, and made the usual orders; that said highway remained unbuilt till the spring of 1851, when the town chose an agent to superintend the building of the road; that in the meantime the lands had changed owners several times, with the exception of one farm belonging to J. Franklin, Jr.

That in August, 1851, the petition for commissioners issued to have the land damages re-assessed, and Townshend was cited to appear before the justice, and did appear, and by their attorney, John Roberts, objected, as a bar to the appointment of commissioners, that the land owners had all been settled with at the time of laying the road by the selectmen; that a formal plea in bar was introduced by Judge Roberts, who offered to produce testimony in support of the same, which the justice declined to hear, and there has never been a hearing upon this matter.

That the justice appointed commissioners, who having given notice of time and place of meeting, proceeded to examine the premises, and appraised damages at more than $40, to each petitioner and made their report to the county court.

That Townshend appeared before the county court, and by their attorney made the same objections as were made before the justice and offered the same testimony; but the county court decided that, they had no jurisdiction of that matter; the town of Townshend

then took exceptions to the acceptance of the report, and the county court set it aside.

And the present petition for *certiorari* is brought alleging that there was error in the judgment of the county court.

The facts, touching the questions passed upon by the court, sufficiently appear in the opinion of the court.

*A. Stoddard* and *Stoughton & Baxter* for petitioners.

· *J. Roberts* and *Butler & Knowlton* for petitioners.

The opinion of the court was delivered by

REDFIELD, Ch. J. This is a petition for writ of *certiorari*, which was heard by the court, some terms since, and the papers taken by the court and have never been returned. We have heard it again this term, without either the original files or copies, which is certainly a very loose mode of proceeding. But we hope it will not, in the present case lead to any embarrassment.

1. We think the statute intends, that in these petitions, for the re-appraisal of land damages, for laying out highways, any number of land owners, who are dissatisfied, although holding by independent titles, may join in the same petition. Comp. Stat. p. 164 § 20.

2. We think the owner of the land, at the time the road is laid, is the person, and the only person, to bring this petition. The words of the statute p. 164, § 20 are, "Any person, interested in lands, through which any highway is laid out, &c., may petition. This must signify the person interested, at the time the road is laid out, i. e. if the road is laid out in the ordinary mode. The claim for damages does not indeed become perfected, till the road is laid open for work. But in the county and Supreme Court, the persons entitled to damages are named in the report of the commissioners and a virtual judgment is given, for the damages awarded, in favor of the several claimants. And if not paid within the time limited by the court, execution issues. In such cases, there could be no question, that any subsequent purchaser of the land, could have no claim for the damages, unless acquired by express contract. And we see no reason, why the same rule should not apply, to damages awarded by selectmen, and if so, this must fix the date of

the claim for damages, where none are awarded to that period; although not recoverable, till the road is laid open for work. This will dispose of all the claims, in this petition except Franklin's, whose title seems to have existed at the time the road was laid out. Certainly nothing at present appears to show the contrary. And this we think is sufficiently alleged, in the petition. But it would seem from the answer to the petition, before the justice, and from testimony which the counsel say was filed in the case, that some questions of fact were attempted to be raised in the county court in regard to the right of Franklin to recover damages. But there is certainly not very much to determine how that was viewed by the county court. It seems probable, from the reason assigned for the judgment, that the questions of fact were not determined by the county court.

But we think the reason assigned for the judgment is unsound, and that the complaint, or petition, is sufficient to entitle Franklin to judgment. But if the court order the writ to issue and bring up the record and render judgment for Franklin, we thereby deprive the defendants of any decision, any where, upon the matter of fact, which they are certainly entitled to have.

We must then either deny this writ, or if we allow it, must finish the case here, since we have not ordinarily sent cases, which come into this court, to the county court, unless a matter of fact, proper for the jury, is necessary to be determined. And we are not prepared to finish the sessions business of the county court, in this court. We think therefore that until the case is fully tried, and ended in the county court the process of *certiorari, under our practice* is not the most appropriate proceeding.

A writ of mandamus seems to us to be more suitable, and as we do not now see, why that is not adequate to all the matters required in the present case, we shall give the party opportunity to take such proceeding. We might under such a proceeding, I think, require the county court to correct the present judgment and give judgment for Franklin, unless some defense was made out upon other grounds, and the case is continued to enable the petitioner to file a motion for a writ of mandamus, which may be heard at the next term, if any further hearing is desired, which probably will not be, unless new facts are elicited.