JUNE TERM, 1870. 641

Pomeroy, Ex'r, vs. The Chicago and Milwaukee Railroad Company.

# JUNE TERM, 1870.

POMEROY, EX'R, VS. THE CHICAGO AND MILWAUKEE RAILROAD COMPANY:

(1.) *Damages for taking of land, by whom recoverable, after alienation of the land.* (2.) *Damages previously recovered for trespass, to be deducted.*

1. Where a claim has accrued for damages to an entire tract of land, by reason of the actual construction of a railroad over a part of it, and, before the damages have been assessed or paid, the land is sold, without any provision in respect to them, the right to such damages remains in the vendor.

2. Damages recovered for a trespass in entering upon plaintiff's land, and constructing and using a railroad thereon, should probably be deducted in subsequently determining the amount to be allowed as compensation for the taking of such land.

ERROR to the Circuit court for *Kenosha* County.

In 1864, commissioners duly appointed awarded $1,026.81 in favor of Mary A. Pomeroy, the present plaintiff's testatrix, for the value of her land taken for a railroad in 1854, and for damages to other lands adjacent thereto, of which she was also the owner at the time of such taking. On appeal by the railroad company to the circuit court, it was permitted to show the subsequent alienation of most of the land by said Mary A. Pomeroy to different parties (as stated in the opinion, *infra*). The only part not thus alienated was a strip actually taken

by the railroad company ; and the deed conveying that portion of the land which would otherwise have included this strip, contained the following reservation: "The said party reserving to herself all that part of the land above described, which *The Chicago and Milwaukee Railroad Company* occupy in crossing said land, either for right of way or any other [use], and reserving to herself the right to claim and receive any and all damages which the land above described sustained or does now sustain, by reason of said railroad crossing said tract of land or running near to said land," etc. The company also put in evidence, against objection, the record of a former suit in which Mary A. Pomeroy recovered $55 as damages against it for a trespass in entering upon and digging up her close (being the premises here in question), and obstructing access thereto on the adjoining street, in constructing and running said railroad. See 16 Wis. 640.

The circuit court instructed the jury, in substance, that they should allow plaintiff as damages, 1. The full value of the land actually taken by the defendant. 2. The depreciation in the value of the *rental* of certain other portions of the land, which had been occupied by plaintiff's testatrix as a homestead, caused by the construction and operation of defendant's road, during the several periods while she continued to own those portions respectively. After a verdict in accordance with these instructions, a new trial was denied, and the plaintiff took his writ of error to reverse the judgment.

*J. J. Petit*, for plaintiff in error.

*Head & Quarles*, for defendant in error, contended that by the doctrine of this court in *Shepardson v. R. R. Co.*, 6 Wis. 605 ; *Powers v. Bears*, 12 id. 221 ; *Pomeroy v. R. R. Co.*, 16 id. 640 ; *Loop v. Chamberlain*, 17 id. 504 ; and *Same Case*, 20 id. 135, the plaintiff's testatrix had a right to recover in her action for a trespass all the damages which she had sustained from the company's unlawful

acts ; that the two remedies allowed by law, viz., by an assessment of damages made by commissioners under the charter, or by a common-law action against the company, although concurrent are not cumulative ; and that a party having elected to proceed by one is barred from prosecuting the other. *Aldrich v. Cheshire Railroad Co.*, 1 Foster, 359, and 1 Am. Railway Cas. 206.

PAINE, J.   This case presents a question which it would seem would have been thoroughly settled before this, but which we believe has never been decided by this court, and we find few instances in which it has been determined by any other.   Stated in its simplest form, it is this : Where land is taken for a railroad, which is constructed, and the owner has a claim for damages to the entire tract of which the land taken formed a part, if, before the damages are assessed or paid, the owner sells the tract without any provision in the contract of sale respecting the damages, what effect does such sale have upon the claim ?   Does it still belong to the original owner, or does it run with the land and pass to the purchaser ?

Upon principle it ought still to belong to the original owner.   Where there is a sale of a tract of land upon which there is an obvious existing easement or burden of any kind, like an ordinary highway, a railroad, or millpond, the fair presumption, in the absence of any express provision in the contract upon the subject, is, that both parties act with direct reference to the apparent existing burden, and that the vendor demands, and the purchaser pays, only the value of the land subject to it.   This presumption is independent of the question whether the party enjoying the easement has perfected his title as against the vendor or not.   Nothing being said upon the subject, they deal with the property in its existing condition, and upon the assumption that it is subject to all the burdens to which it appears to be subject.   This

doctrine was established by this court in the case of *Kutz v. McCune*, 22 Wis. 628, and it is directly applicable to the solution of the question now under consideration.

For, if such is the fair construction of such a contract of sale, it follows, that, if the lands were damaged, the original owner ought still to be entitled to the compensation, because he has suffered the loss, in deducting the amount of the damage from the contract price. The purchaser, who has paid only what the land was worth, subject to the burden, and upon the assumption that it was to continue, has lost nothing and ought to receive nothing. This conclusion is also in harmony with the rule that has been established requiring the value of land taken, and the damages for the taking, to be assessed with reference to the condition of the property at the time of the taking. See *Kennedy v. The Mil. & St. P. Railway Co.*, 22 Wis. 581; *Parks v. Boston*, 15 Pick. 198; *Whitman v. Railroad Co.*, 7 Allen, 313, 326.

The same reasoning which shows that the damages should be assessed with reference to the time when the land was taken, shows also that they accrued to the party who was then the owner, and should be paid to him. And such is the result of the only authorities we have found bearing directly upon the question. See *Rand v. Townshend*, 26 Vt. 670, and *Lewis v. Railroad Co.*, 11 Richardson Law (S. C.) 91.

This view of the law upon this point makes it necessary to reverse the judgment, for erroneous rulings in respect to the amount of damages. to which the plaintiff in error was entitled. It appears that his testatrix was the owner of a tract of land in the city of Kenosha, which was laid out in lots and blocks. The north block she occupied as a homestead. The railroad was located and constructed across the tract along one of the streets upon which the lots fronted. Subsequently, she sold a part of the tract south of her homestead to her son,. by whom it was mortgaged to third parties; and it was

afterward sold on a foreclosure. This part so sold was actually crossed by the railroad. Afterward she sold the western part of the block constituting the homestead, but the portion sold did not anywhere border on the land taken for the railroad, the road being at the east side of the block. She, still later, sold the remainder of the homestead, reserving, however, all that part of it actually occupied by the railroad company, "and reserving to herself the right to claim and receive any and all damages which the land above described sustained or does now sustain, by reason of said railroad crossing said tract of land or running near to said land."

The case was argued by the counsel of the company upon the assumption that some reservation was necessary in every such sale, in order to enable the vendor to retain the claim for compensation. And he then urged that the damages so reserved were only those caused to the piece of land last described in the deed, immediately preceding this reservation, which was the land actually occupied by the railroad company, which the grantor had also just reserved. Such a construction of the language would have been contrary to its plain meaning, and wholly inadmissible. But as, upon our view of the law, the right of the vendor to the compensation after the sale does not depend upon any reservation, it becomes unnecessary to consider more particularly the construction of the one here made. The rulings of the court below denied to the plaintiff in error the right to recover any damages to that part of the land sold by his testatrix to her son, even while she owned it; and they limited the right, so far as the homestead block was concerned, to the difference in rentable value of the portions sold separately, down to the time when they were respectively sold.

This was all erroneous. The true rule was, that the plaintiff in error, as the personal representative of his testatrix, who owned the entire tract at the time it was

taken for a railroad, was entitled to recover the entire damage to the tract, a part of which was taken, to be assessed upon the principles governing the assessment of such damages, and without reference to any subsequent sales by her; though the amount of her recovery in the trespass suit should probably be deducted.

The judgment must be reversed, and the cause remanded for a new trial.

*By the Court.* — So ordered.