SWEANEY vs. THE UNITED STATES.

*February 4 — March 3, 1885.*

*Fox and Wisconsin improvement — Flowage of land — Right of subsequent purchaser — Measure of damages.*

1. Under ch. 166, U. S. Stats. of 1875, the present owner of lands which have, during or previous to his ownership, been overflowed by reason of the works of the Fox and Wisconsin Improvement Company, may proceed in the manner prescribed by ch. 291, Laws of 1874, to have all the damages caused by such flowing ascertained and paid.
2. *It would seem* that, in such case, for lands permanently overflowed there should be compensation as for lands actually taken; and for

other lands injured thereby, there should be damages, with benefits deducted, within the limitation period of six years. The value of the land taken should be ascertained as at the time of the actual taking, and interest from that time should be added.

APPEAL from the Circuit Court for *Columbia* County.

Upon the petition of the plaintiff, *Charles Sweaney*, the circuit court appointed commissioners to ascertain and appraise the compensation to be made by the *United States* to the plaintiff for injuries to his lands upon the Fox river caused by the erection of a dam across said river at Governor's bend, by the Fox and Wisconsin Improvement Company. The commissioners assessed the damages to said lands, and from their award the defendant appealed to the circuit court. At the trial in that court the plaintiff was allowed to amend his petition by stating that the dam was taken possession of by the general government, and that in 1876 the general government added about a foot to the height of the dam and has since maintained it a foot higher than it had ever been maintained before.

The facts disclosed by the evidence will sufficiently appear from the opinion. The trial resulted in a judgment in favor of the plaintiff for six cents damages with costs. From that judgment the plaintiff appealed.

For the appellant there was a brief by *Stroud, Armstrong & Stroud*, counsel, and oral argument by *Mr. P. G. Stroud*.

*Geo. D. Waring*, for the respondent.

ORTON, J. The main facts are that in 1865 the Fox and Wisconsin Improvement Company constructed a dam across the Fox river at Governor's bend, in the town of Fort Winnebago, county of Columbia, for the use of the improvement of the Fox and Wisconsin rivers, etc., which caused the waters of said river to overflow and otherwise injure the lands in question. The plaintiff first became the owner of said lands in 1867, by deeds from one Lawrence Sweaney, who

owned the same when said dam was·built and the flowage commenced. The amended complaint or petition states that said dam was raised about a foot more, which increased such flowage, while the plaintiff was the owner of the lands, but there was no evidence offered upon that question.

The learned judge of the circuit court ruled upon the trial, in effect, that the plaintiff could not recover for any flowing or damages caused by the dam built in 1865, on the ground that the then owner was entitled to such damages and·compensation, and allowed the plaintiff to have a verdict and to take judgment for nominal damages for such increased flowage, and so ordered.

This presents the only question in the case,— whether the plaintiff can recover damages and compensation for the flowing of said lands, caused by the erection of said dam in 1865, two years before he became the owner thereof. The question was decided in analogy to the condemnation of lands for railways, and the assessment of damages and compensation therefor, and by the authority of *Pomeroy v. C. & M. R. R. Co.* 25 Wis. 641, and other similar cases in this court. If the proceedings of the land-owner in such a case as this are in analogy to the proceedings to obtain such damages for flowing lands by means of a mill-dam, then the rule would be that the present owner could recover only for damages so caused since he became such owner. *Pick v. Rubicon Hydraulic Co.* 27 Wis. 433. If in analogy to proceedings of condemnation and assessment of compensation for a railroad, then the whole damages and compensation belong to the owner of the lands when they are actually taken for such purpose. It is unnecessary to review or disturb the decisions which so hold, for this case is outside and independent of both such rules. From the time of constructing this dam to 1875 there was no provision of law for the ascertainment and payment of the damages and compensation for the taking of these lands, by flowage or otherwise, for the use of

said improvement. The United States became the owner of the improvement in 1872. It had been decided by the supreme court of the United States in *Pumpelly v. Green Bay Co.* 13 Wall. 166, in 1871, that said company then owning said improvement was a trespasser upon lands similarly taken and overflowed by such means, and had no right whatever until compensation therefor was made to the owner. By ch. 291 of the laws of this state of 1874, the right of the United States to condemn lands within this state for the use of said improvement was conceded; and provision was made for the ascertainment and determination of damages and compensation for any lands of any person, which *have been* overflowed or injured by the construction of any dam, etc., *in the same manner* as prescribed in ch. 119, Laws of 1872, in relation to acquiring title to lands by railroad companies.

If under that act the United States, or the owner of such lands, had proceeded to have such damages and compensation ascertained "in the same manner" as the railroad companies, or the owners of land taken for railroad purposes, were authorized to proceed, then there would be great force in the position taken by the learned judge before whom this case was tried, that the rule established in the *Pomeroy Case* and other railroad cases in this court, that the damages and compensation belonged to the owner of the lands when so taken, and not to a subsequent purchaser thereof, ought to prevail in this case. And yet there might be some doubt of this occasioned by the language in the past tense, as to lands which *have been already* overflowed or so taken. The present owner of such lands is given the right to so proceed irrespective of his ownership when the dam was built and the lands were first overflowed thereby. However this may be, the Congress of the United States, in 1875, passed their own act upon this subject, and for the first time assumed the liability to pay damages and compensation for lands over-

flowed by the dams of the improvement, and defined the terms and extent of such liability in language too clear for question. By that act (ch. 166, U. S. Laws, 1875) the present owner of lands which had already been overflowed by such works are allowed to proceed in the *mode* already indicated by the law of this state of 1874, namely, according to the provisions of the law of 1872 in respect to railroads,— to have all the damages caused by such flowing ascertained and paid. This act of Congress has been so construed by this court in *Jones v. U. S.* 48 Wis. 385. That case was affirmed in every respect by the supreme court of the United States in 109 U. S. 513. One of the plaintiffs in that case had been the owner of an undivided interest in the lands flowed only two years. It was objected that he was misjoined with the owners at the time the flowage was caused, and yet he was allowed to recover with the other plaintiffs for six years' damages and full compensation.

Enough has been said to show that the present case is ruled by that case in respect to the very question here involved. When the United States became the owner of the improvement, Congress found that many dams had long been constructed which caused the lands of private persons to be overflowed and damaged, and that there had been no provision of law for the ascertainment and payment of damages and compensation. Such lands had been long since taken by and appropriated to the use of the government for such improvement, and no compensation had been made, and Congress made by the above act provision for ascertaining the same, irrespective of the past or present ownership of the lands. The case of *Jones v. U. S., supra,* was, and the present case is, under that act of Congress. It is not necessary to repeat that decision, for it is readily understood, and should have had application in the trial of this case.

What should be the rule of damages or compensation in such a case we do not determine, and the question was not

directly involved in the above-cited case, the damages and compensation having been found both by the commissioners and the jury in gross. But it would seem that for the lands permanently overflowed there should be compensation as for lands actually taken; and for other lands injured or damaged thereby there should be damages with benefits deducted within the limitation period of six years. The value of the land taken should be ascertained as at the time of the actual taking, and interest from that time should be added. This rule will make the railroad law applicable as far as possible in the nature of things; but this we do not decide, and only suggest as the intimation of the writer of this opinion.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.