The Milwaukee & Northern Railroad Company, Appellant, vs. Strange, Respondent.

*April 6 — April 28, 1885.*

Railroads: Condemnation of Land. *(1) Appealable order. (2) Occupation of land before condemnation: Waiver of trespass. (3) Conveyance does not transfer claim for compensation.*

1. An order of the circuit court, refusing to set aside an order of the judge thereof condemning land for the use of a railroad company, is a final order affecting a substantial right in a special proceeding, and is therefore appealable.

2. If the owner of lands, by express or tacit consent, permits a railroad company to enter thereon, construct its road-bed and track, and occupy the same for the purposes of a railroad, he thereby waives and loses his remedy by injunction or action for the trespass, and is relegated to proceedings to have his compensation and damages assessed.

3. Where land so occupied by a railroad company is conveyed before the compensation and damages have been assessed, the grantee takes subject to the easement in the company, and the right to such compensation and damages remains in the grantor.

APPEAL from the Circuit Court for *Winnebago* County. The case is thus stated by Mr. Justice CASSODAY:

" The railroad company filed its petition under sec. 1852, R. S., to have the rights and interests of the parties to the proceedings ascertained and determined, and that if, upon such determination, it should appear that the petitioner had not acquired or perfected full title to the land in question, then that proceedings be had to condemn the same, etc. The respondent, *John Strange*, counterclaimed, and prayed condemnation and compensation.

" On the hearing, the court, by an order dated July 14, 1884, found, in effect, that the petitioner was entitled to have and take for the use and purposes of its railroad the twenty feet in width of the land described, the center line of which was the center line of the petitioner's track and road-bed as constructed, maintained, and used; that the road-bed and track were so constructed in 1874 by a railroad company, to whose rights therein and in the land in question the petitioner had succeeded; that said road-bed and track had been maintained, operated, and used as such by the petitioner and its predecessor ever since they were so constructed in 1874; that at the time of the location and construction of such road-bed and track upon such strip of land across said premises, one Roxana F. Ladd was the owner in fee of said premises, and continued to own the same until November 6, 1880, when she and her husband deeded the same to the respondent, *John Strange*, and one P. V. Lawson; that said P. V. Lawson having died, his widow and heirs conveyed an undivided one-half interest in the premises to said *John Strange*, who has since retained the same; that on May 16, 1883, the said Roxana F. Ladd and her husband, for a valuable consideration, duly released under seal the petitioner and its predecessor from all damages that arose or accrued to them, or either of them, by reason of said construction, operation, and maintenance of

said road-bed and track across said premises, and acknowledged a full satisfaction to said companies of all damages that existed, and that they had or claimed against them, by reason of such construction, operation, and maintenance; that *John Strange* was entitled to damages by reason of such construction, operation, and maintenance, from November 6, 1880, and for the future; that commissioners of appraisal should be appointed to assess such damages herein to said *John Strange;* and three persons were therein appointed for that purpose, and the time of their first meeting fixed, and their duties and compensation prescribed.

"The petitioner filed exceptions to the portions of the order against its interests. Thereupon the petitioner, upon the records, proceedings, and papers on file in the cause and theretofore served, obtained an order to show cause why such prejudicial portions of the order should not be reversed, vacated, and set aside, and instead thereof a finding and decision be made that said *John Strange* was not and is not entitled to any damages by reason of the construction, operation, and maintenance of said railroad across said premises, at any time or to any amount, and that said proceedings be dismissed, etc.

"Upon the hearing of the motion, it was determined and ordered that the said motion mentioned in the order to show cause, and each and every part of the same, and the relief therein asked, be and the same were thereby denied; and that said order of July 14, 1884, be in all respects declared valid, except as to the sixth finding, giving *Strange* damages from November 6, 1880, which was made to stand modified as follows, to wit: 'that said *John Strange* is entitled to damages by reason of the construction, operation, and maintenance of said railroad across said premises from the date of the commencement of these proceedings, and for the future.'"

From the order last made the railroad company appealed.

*Geo. H. Noyes,* for the appellant, to the point that the claim for damages accruing from the construction of the railroad belonged to Mrs. Ladd, the owner at the time of such construction, and continued to belong to her until the settlement between her and the company, cited *Pomeroy v. C. & M. R. Co.* 25 Wis. 641; *Sabine v. Johnson,* 35 id. 185, 201–2; Mills on Em. Dom. sec. 66; 3 Sutherland on Dam. 448; Pierce on Railroads, 185; 1 Redf. on Railroads, 350, 376; 1 Rorer on Railroads, 418–422; *Dixon v. B. & P. R. Co.* 3 Am. & Eng. R. Cas. 201; *Church v. G. R. & I. R. Co.* id. 198; 70 Ind. 161; *Dunlap v. T., A. A. & G. T. R. Co.* 50 Mich. 470; *McFadden v. Johnson,* 72 Pa. St. 335; *C. & A. R. Co. v. Maher,* 91 Ill. 312; 1 Sutherland on Dam. 191; *Piper v. U. P. R. Co.* 14 Kan. 568, 574; *N. Y. & N. E. R. Co. v. Drury,* 133 Mass. 167.

*P. V. Lawson,* for the respondent, contended, *inter alia:* 1. This proceeding is one to obtain title, and the company having presented its petition under the statute is estopped to claim that it already has a perfect title. The question of title cannot be inquired into or determined in this proceeding. The statute does not provide for any such trial of title or interest, nor, if such trial could be had, does it provide for making the determination *res adjudicata* or such a matter of record as to settle any question of title. 2. Mrs. Ladd's only claim because of the construction of the road and continued occupation of the land was for damages for trespass, and that was all she "released" when the company settled with her. *Buchner v. C., M. & N. W. R. Co.* 56 Wis. 419; *Rusch v. M., L. S. & W. R. Co.* 54 id. 138; *Sherman v. M., L. S. & W. R. Co.* 40 id. 645; *Blesch v. C. & N. W. R. Co.* 43 id. 183; *S. C.* 48 id. 184; *Lyon v. G. B. & M. R. Co.* 42 id. 544; *Bohlman v. G. B. & L. P. R. Co.* 30 id. 107; *Carl v. S. & F. du L. R. Co.* 46 id. 625. 3. The respondent is entitled to the award. The company could not acquire any title or interest in the land until it had

taken it legally; and the compensation must be first paid in money before it could take. The mere occupation of the land could give it no such right as would cause a subsequent legal taking to revert back to such illegal occupation and carry back with it the award, so that the then owner should secure such award against her grantee who purchased the land before it was legally taken. See, especially, *Driver v. W. U. R. Co.* 32 Wis. 569; *Carl v. S. & F. du L. R. Co.* 46 id. 629, 632.

CASSODAY, J. The order of the circuit court refusing to set aside an order of the judge thereof condemning land for the use of a railroad company, is a final order affecting a substantial right in a special proceeding, and is therefore appealable. R. S. secs. 1852, 3069, subd. 2; *Wis. Cent. R. Co. v. Cornell University*, 52 Wis. 538, and 49 Wis. 162.

The purpose of the petition seems to have been to quiet the company's title to the land in question, under sec. 1852, R. S., on the assumption that it had already acquired a permanent right to the same. It may be questionable whether such petition could be maintained for the mere purpose of quieting title. Where that is the only purpose, it is not perceived why a railroad company should not bring its action therefor the same as any other party. But here the respondent counterclaimed and prayed condemnation and compensation. This prayer having been granted, the question is here upon the merits.

There can be no doubt but what the company, under its charter and statutes, had the right to take and condemn the land in question for its track and road-bed. Prior to sec. 22, ch. 119, Laws of 1872, amended by sec. 4, ch. 291, Laws of 1873 (sec. 1852, R. S.), there was no general statute authorizing the owner of lands, across which a railroad had been located and constructed, to institute proceedings for condemnation. These statutes expressly prohibit any injunction to

restrain the completion or operation of the road until the compensation has been fixed and determined. Under these statutes it has been repeatedly held that where the owner of the land has by express or tacit consent permitted the railroad company to enter thereon, construct its road-bed and track, and occupy the same for the purposes of a railroad, he has thereby, in effect, waived and lost his former remedy by injunction or trespass, and is relegated to proceedings under the statute to have his compensation and damages assessed. *Buchner v. C., M. & N. W. R. Co.* 56 Wis. 403, and 60 Wis. 264; *Hanlin v. C. & N. W. R. Co.* 61 Wis. 515; *Sweaney v. U. S.* 62 Wis. 396. This is on the theory that by such consent the owner has, in effect, yielded to the company the permanent right to maintain and occupy, subject only to the payment of compensation when assessed and ascertained, and that he will resort to no remedy except to exact and enforce the payment of such compensation. Here it appears that the railroad company was thus permitted by Mrs. Ladd, the owner of the land, to enter thereon, construct its road-bed and track, and occupy the same, for the purposes of its railroad, from 1874 to the time she parted with her title in November, 1880. By such consent and permission she had yielded to the company the permanent right of occupancy and easement upon and over her land, subject only to compensation which she was at liberty to exact, or waive altogether.

Having yielded to the company all claim to the permanent easement except the mere right to exact and enforce payment of compensation, the question recurs, Did that right pass from her by virtue of her deed of November 6, 1880, to *Strange* and Lawson? That deed was a conveyance of the land, and not a transfer of a claim for compensation for an easement long prior to that time given to the railroad company. It is well established in this state that the grantee of land with such an easement upon it takes it

subject to the easement. *Pomeroy v. C. & M. R. Co.* 25 Wis. 643; *Smith v. Hughes,* 50 Wis. 620. Even where the grantee of land, with such easement upon it, in public use, takes title by deed with full covenants, yet the mere easement constitutes no breach of the covenants therein contained; for such grantee is supposed to have purchased the land subject to such burden, and to have deducted from the purchase price an amount equal to the depreciation in value by reason of such easement. *Ibid.; Burbach v. Schweinler,* 56 Wis. 390. The case is clearly distinguishable from *Sherman v. M., L. S. & W. R. Co.* 40 Wis. 645; *Blesch v. C. & N. W. R. Co.* 43 Wis. 183; *S. C.* 48 Wis. 168; *Rusch v. M., L. S. & W. R. Co.* 54 Wis. 136. Such mere easement is unlike the acquisition of a corresponding strip by conveyance in fee. *Messer v. Oestreich,* 52 Wis. 693; *Racine v. Crotsenberg,* 61 Wis. 485.

It is true that in *Pomeroy v. C. & M. R. Co., supra,* the grantor reserved to herself the land occupied by the railroad, and the right to claim and receive any and all damages sustained by reason of the railroad crossing the land or running near it; but that was before the above statutes giving to the owner the new remedy of enforcing compensation through condemnation proceedings. Such remedy to enforce a mere claim for compensation is, in effect, the very thing that was so reserved in the *Pomeroy Case,* for in that case the land had in fact been condemned and the damages awarded. It is unlike *Sweaney v. U. S., supra,* where the conveyance to the plaintiff was prior to the statutes cited, and where no right to the permanent easement was acquired by the United States until long after such conveyance, and where the act of Congress giving such right secured to the then owner the right of compensation.

It follows that Mrs. Ladd never parted with her right to the compensation, and *Strange* and Lawson never acquired it. On the contrary, the company settled with Mrs. Ladd

therefor, and she, for a valuable consideration, gave the company a full release from such claim, and acknowledged complete satisfaction therefor, before the commencement of these proceedings. The result is that *Strange* holds the lands subject to the easement of the company upon and over the same, and hence is entitled to no compensation therefor.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded with directions to grant the petitioner's motion to correct the findings as asked, and for further proceedings according to law.