WALTON, Appellant, vs. GREEN BAY, WINONA & ST. PAUL RAILROAD COMPANY and another, Respondents.

*December 14, 1887 — January 10, 1888.*

*Railroads: Condemnation of land: Jurisdiction of court: When right to compensation passes by conveyance.*

1. A petition for the condemnation of land occupied by a railroad was addressed to the circuit judge, and, the railroad company having answered denying the title of the petitioner, the parties appeared in court, pursuant to stipulation, and the petitioner voluntarily undertook to prove his title. *Held,* that the court had jurisdiction, on such hearing, and without appointing commissioners, to determine whether the petitioner was entitled to have the land condemned.

2. Where land is occupied by a railroad company for its track a conveyance thereof by the owner, without any transfer of the right to compensation, passes the title subject to the easement, and the grantee acquires no right to compensation.

APPEAL from the Circuit Court for *Portage* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

November 1, 1886, the plaintiff, as owner in fee simple, filed his verified petition with the clerk of the circuit court for Portage county, addressed to the judge of said court, for the condemnation of a strip of land 100 feet wide, described, through what was known as the public square in the village of Plover in said county, and for the appointment of commissioners to appraise the value thereof and assess the damages therefor. The petition, in effect, alleged that in 1872 said railroad company constructed upon said strip of land, then and ever since occupied by said company, its main line and track, without ever having made any compensation for the use thereof or the land itself, and that the same was still being used and occupied as such railroad without any such compensation having been paid

therefor; that the *Farmers' Loan & Trust Company* owned and held a mortgage upon said railroad, and by virtue thereof claimed an interest in said land; that neither of said companies had acquired the title to said land or the right to use or occupy the same, or commenced any proceedings to acquire the same; that when said railroad was first constructed on said land, the same was of the value of $300.

Upon an order to show cause the said companies, November 20, 1886, filed their answer to said petition, wherein they, in effect, denied that the petitioner was or had ever been the owner in fee simple or otherwise of said premises or any part thereof; that they admitted the construction of said railroad on said land in 1872, and the occupancy thereof by the railroad, and the operation thereof ever since, as alleged; that except as admitted, they denied each and every allegation of the petition; and they, in effect, alleged a former judgment in bar, and the ten and also the six years statute of limitations, and also the acquiescence by the owner in such taking and occupancy.

Thereupon the issues thus made in said cause came on for hearing before said court, pursuant to an order made therein and by stipulation of the parties, December 18, 1886; and upon such hearing by the court, and upon the evidence therein taken, pursuant to the stipulation of the parties, it was found by said court, as matters of fact, that all of the allegations of said answer were true except those averring adverse possession under a particular deed mentioned; and accordingly it was therein ordered and adjudged that said application be, and the same was thereby, denied, and the said petition dismissed, with $10 costs. From that judgment the plaintiff and petitioner appeals.

For the appellant there was a brief by *Cate, Jones & Sanborn*, and oral argument by *Mr. Jones.* They contended, *inter alia*, that the only questions for the court to determine

in this proceeding were whether the petitioner was a party interested in the land taken, and, if so, whether the respondents had acquired a title or right to use the land. The first question being answered affirmatively and the second in the negative, nothing further was to be done but to appoint commissioners. Whether the petitioner or his grantor would be entitled to the award was to be determined on the coming in of the report of the commissioners, and not in the proceeding for their appointment. The damages must be fixed as of the date of the appraisal, and not as of the date of the location of the line. *Lyon v. G. B. & M. R. Co.* 42 Wis. 538, and cases cited. The owner of the land at that time is therefore a party interested and can institute the proceedings. In *Pomeroy v. C. & M. R. Co.* 25 Wis. 641, this court held that the compensation belongs to the owner of the land when taken, and does not pass by a conveyance of the land. But in that case the right to the compensation had been reserved to the grantor; and in *Mil. & N. R. Co. v. Strange*, 63 Wis. 178, the railroad company had obtained a release from the person who owned the land when the line was constructed. There was nothing of that sort in this case. The language of sec. 1852, R. S., by which the railroad company is given credit on the award for any sum paid the *former owner*, shows that in a case like this the compensation should be awarded to the owner at the time the proceedings are instituted. At the time of the petitioner's purchase of this land the respondents' grantors had no easement in it, and it cannot be said that he purchased subject to an easement which did not exist. It was not shown that the county had either expressly or tacitly consented to the taking of the land.

*Geo. G. Greene*, for the respondents, to the point that, as the strip of land in question had been in the notorious use and possession of the railroad company for more than two years when the petitioner purchased, he must be deemed to

have purchased subject to such apparent easement, cited *Pomeroy v. C. & M. R. Co.* 25 Wis. 641; *Mil. & N. R. Co. v. Strange,* 63 id. 178; *Kutz v. McCune,* 22 id. 628; 1 Rorer on Railways, 418, 422; *Dixon v. B. & P. R. Co.* 3 Am. & Eng. R. Cas. 201; *Church v. G. R. & I. R. Co.* 70 Ind. 161; *McFadden v. Johnson,* 72 Pa. St. 335; *Chicago & Alton R. Co. v. Maher,* 91 Ill. 312; 1 Suth. on Dam. 191; *N. Y. & N. E. R. Co. v. Drury,* 133 Mass. 167.

CASSODAY, J.   The answer put in issue the plaintiff's title to the strip of land in question.   This being so, he was only entitled to compensation upon making proof of title or some interest in himself.   *Diedrich v. N. W. U. R. Co.* 42 Wis. 248; *Winchester v. Stevens Point,* 58 Wis. 355.   Without such title or interest he would have no right to enforce proceedings in condemnation.   It is urged that as the plaintiff owned the land at the time of filing the petition, it was the duty of the court to appoint commissioners, regardless of the question whether he would have been entitled to any compensation that might have been awarded.   In other words, that the power of the court upon the hearing of such petition was limited to the determination whether the railroad company was entitled to the land described, and hence that the question of the plaintiff's title should be determined in the first instance by the commissioners, subject to a retrial in the circuit court on appeal.   Sec. 1849, R. S. It is true the statute makes it the duty of the commissioners to view the premises, hear the allegations of the parties, and "appraise, ascertain, and determine the value of each such tract or parcel of land,  .  .  .   with the improvements thereon, *and of each separate estate therein,* and the damages sustained by the *owner* by reason of the taking thereof, and fix the amount of compensation to be made to *each* of such *owners* therefor."   Sec. 1848.   So the statutes provide for the determination of any conflicting claims to

the compensation awarded.    But the view we have taken of
the case renders it unnecessary here to determine the ques-
tion suggested.    The petition may be addressed to the judge
of the court as well as to the court.    Sec. 1846.    Such judge
may hear the parties interested and appoint commissioners.
Sec. 1847.    It may be very doubtful, however, whether such
judge at chambers can conclusively determine on such hear-
ing the petitioner's want of title to the land.    But the stat-
ute makes the "filing of such petition" with the clerk of
the court "the commencement of a suit in said court."
Sec. 1846.    Here the petition was addressed to the judge,
but was so filed November 1, 1886, and, upon the issue of
title being joined, the parties appeared in court, pursuant
to stipulation, and the plaintiff voluntarily undertook to
prove title to the strip of land in question in himself.    From
the proofs offered it appears that his title rests upon a quit-
claim deed from the county to himself, executed December
21, 1874, and recorded the next day, with the authority to
make it.    That was some two years after the strip of land
had been taken and the railroad constructed thereon.    The
court certainly had jurisdiction, upon such voluntary hear-
ing, to determine whether, upon such proofs, the plaintiff
was entitled to enforce such condemnation proceedings.    It
is essentially the same as though the petition had alleged
the acquisition of title by the plaintiff at the time named,
and the court had then refused the application for the in-
sufficiency of the petition.

This brings us to the question whether, upon such show-
ing, the plaintiff was entitled to compensation for the land
taken.    It is settled in this state that where the owner
of the land has, by express or tacit consent, permitted the
railroad company to enter thereon, construct its road-bed
and track, and occupy the same for the purposes of a rail-
road, he has thereby, in effect, waived and lost his former
remedies, and is relegated to proceedings under the statute

to have his compensation and damages assessed. *Milwau-
kee & N. R. Co. v. Strange*, 63 Wis. 178, and cases and
statutes there cited. So it has, in effect, been established
that where land has thus been entered upon and taken by
a railroad company, and its road-bed and track constructed,
and occupied for the purposes of a railroad with such per-
mission of the owner, his subsequent conveyance thereof,
without any transfer of any claim for compensation, passes
the title subject to the easement, leaving the right to such
compensation and damages in such grantor. *Ibid.* In
such case it has been recently held in Illinois that such
subsequent grantee has no right of action against such
railroad company for the proper use and operation of
its road after such purchase. *Chicago & E. I. R. Co. v.
Loeb*, 118 Ill. 203. The same, in substance, has recently
been held in Pennsylvania, in respect to a subsequent lessee
for years. *Davis v. Titusville & O. C. R. Co.* 114 Pa. St.
308. Here the quitclaim deed under which the plaintiff
claims title makes no reference to such taking or oc-
cupancy by the railroad company, nor to any compensa-
tion on account of the same; much less does it attempt,
even by inference, to transfer any right to such compensa-
tion to the plaintiff. If such right of compensation ever
existed, it remained in the plaintiff's grantor, who owned
the premises when the strip of land was so taken and the
railroad so constructed, unless there has been some valid
transfer thereof not disclosed by this record.

*By the Court.*— The judgment of the circuit court is
affirmed.