STEWART, Administratrix, and others, Respondents, vs. THE MILWAUKEE ELECTRIC RAILWAY & LIGHT COMPANY, Appellant.

*May 1 — May 21, 1901.*

*Street railways: Eminent domain: Delay: Commencement of proceedings by owner: Parties: Adjudication in absence of finding: Appeal.*

1. Where land was taken by a street-railway company in July, 1896, and the statute (ch. 175, Laws of 1897) authorizing it to institute condemnation proceedings was published April 3, 1897, and such company failed to commence proceedings for condemnation, a petition by the landowner, presented October 9, 1899, shows such delay and omission of the corporation to acquire title as to give the landowner a right to institute proceedings.

2. Ch. 175, Laws of 1897, made all provisions of the Revised Statutes relative to acquiring land by railroad companies under the right of eminent domain apply to street and electric railway companies, and sec. 1852, R. S. 1878, gave railroads the right to condemn prop-

Stewart and others vs. The Milwaukee· Electric Railway & Light Co.

erty on which tracks have been constructed without having acquired title thereto, and permitting the property owner to commence such proceedings on the failure of the company so to do. *Held,* that where a street-railway company had, with the owner's consent, entered upon the land before the passage of said ch. 175, either party had the right to proceed upon compliance with the terms of the statute, it being the legislative intent that the statute should apply to circumstances existing at the time it took effect.

3. Where the owner of lands had consented to the acts of a street railway in laying and operating its railway thereon, but had died before the passage of ch. 175, Laws of 1897, persons who took such lands by descent or otherwise from such owner may maintain proceedings to recover compensation under ch. 175.

4. In condemnation proceedings where no formal finding is made on a disputed question of fact as to whether the street-railway company had obtained and paid for its right of way during the lifetime of petitioners' ancestor, a formal adjudication that the petitioners are entitled to compensation, inferentially determines that question against the street-railway company, and will not be disturbed in the absence of a decided preponderance of the evidence in favor of the company's contention.

APPEAL from an order of the circuit court for Milwaukee county: EUGENE S. ELLIOTT, Circuit Judge. *Affirmed.*

This appeal is by defendant from an order appointing commissioners in condemnation proceedings and denying defendant's motion to dismiss. It appears that prior to July 1, 1896, the land in question was owned by one Robert Stewart, and was then in possession of his tenants. On the date last mentioned the defendant surveyed, took possession of, and laid its track upon, and began to use a strip of land about sixty feet wide, more fully described in the petition, being an extension of Pennsylvania avenue south to the Chicago road, and a part of said Stewart tract. Such entry was made with the knowledge of Stewart, and without his objection. February 28, 1897, Stewart died, leaving a will devising this property to his children, and appointing his wife executrix. As such, *Mrs. Stewart* commenced this proceeding by filing a petition setting out the facts that Stewart

owned the land, his death, the taking by defendant, that no compensation had been paid and no proceedings had ever been commenced by defendant and it had never acquired title to its said right of way, and that she and the company were the only parties interested in the premises, and asking condemnation. A demurrer on the ground that the court had no jurisdiction and that the petition was wanting in facts was overruled. Thereupon the defendant answered that it was an ordinary street railway, and set up an agreement between the St. Francis Park Company and said Stewart, by the terms of which the latter, in consideration of the opening and grading of said street, the building of a fence, and the settlement with his tenants for damages to crops, agreed to convey the right of way without charge. It was further alleged that this agreement had been fully performed at considerable expense, the street had been opened and used, and no claim for compensation had been made by Stewart in his lifetime. The park company was interested in having the street railway extended to its property, and agreed with defendant to secure the right of way through the land in question. A second defense set up the death of Stewart, the making of a will, and a devise of the lands to his children. A third defense alleged payment for the right of way, and that defendant was entitled to a conveyance of the right of way, and a release of damages. Later the children of Stewart were made parties to the proceeding. *Mrs. Stewart*, having been discharged from her trust as executrix, was appointed administratrix *de bonis non* with the will annexed, and was duly brought into the proceeding in that capacity. The matter was tried by the court, and the order mentioned was made without any formal findings being filed. The chief question litigated on the trial was whether there had been an agreement between the park company and Stewart, and such part performance of it, as would warrant the court in denying

the application to condemn. The errors relied upon are: (1) That the court erred in overruling the demurrer; (2) that the court erred in denying defendant's motion to dismiss and appointing commissioners.

*Thomas L. Kennan*, for the appellant.

*Chas. G. Woolcock*, for the respondents.

BARDEEN, J. The first objection to the petition is that it does not show such delay and omission of the corporation to proceed to acquire title as to give the landowner a right to institute proceedings. The land was taken in July, 1896. The law authorizing the proceeding by condemnation was published April 3, 1897. The petition was presented in this proceeding October 9, 1899. There was a delay of two and one-half years by the company after it had a right to proceed. This certainly gave to defendant ample time to commence proceedings if it ever intended to. That it ever intended to commence such proceedings is very doubtful, in view of its claim that the right of way had already been secured by the St. Francis Park Company.

It is further urged that there is no authority of law for this proceeding. At the time the land was taken there was no law authorizing street railways to acquire right of way by condemnation. That right was granted it by ch. 175, Laws of 1897, which made all provisions of the Revised Statutes relative to acquiring land by right of eminent domain by railroads apply to street and electric railroad companies. Sec. 1852, Stats. 1898, is certainly broad enough in terms to cover a case of that kind. The company had entered upon the land with the owner's consent. He was then entitled to his action for damages in case the company did not make compensation. The statute then came into existence which gave the company a right to proceed in any case where it had constructed its roadbed or tracks without acquiring title, and, if it delayed in so doing, gave the landowner

such right. It took away the right to an injunction, and authorized the court to stay proceedings in certain cases. A new remedy was given to both parties, simple, efficacious, and prompt. It plainly applied to existing conditions, and under it this court repeatedly ruled that, when the entry was by consent, the landowner was deemed to have waived or lost his former remedy, and was relegated to his proceedings under the statute. *Milwaukee & N. R. Co. v. Strange,* 63 Wis. 178; *Walton v. G. B., W. & St. P. R. Co.* 70 Wis. 414; *Frey v. D., S. S. & A. R. Co.* 91 Wis. 309, and cases. We are clearly of the opinion that it was the legislative intent that the statute should apply to the then existing circumstances, and that it gave either party the right to proceed upon compliance with its terms.

Another point made is that the petition failed to show that the petitioners had any interest in the land when it was taken. When the case was finally heard, the widow, as administratrix, and all the children of Stewart, were before the court. Certainly, all the parties interested in the land in any way were before the court, and the several petitions filed disclose such interest. Before ch. 175, Laws of 1897, was passed, the land had descended to, and all rights of action had become vested in, the widow and children. When the court came finally to determine upon the application, there was no one in existence having any interest in the controversy who was not before the court.

The defendant further claims that the proceeding should have been dismissed because it appeared from the evidence taken that the right of way had been obtained and paid for by the St. Francis Park Company during Mr. Stewart's lifetime. This was a disputed question of fact. No formal finding upon this precise question was made by the trial judge. His failure to do so is no doubt justified by *Gill v. M. & L. W. R. Co.* 76 Wis. 293. The court did, however, formally adjudicate that the petitioners were entitled to

compensation, which inferentially determines the contention against the defendant. The evidence being in dispute, and no decided preponderance existing in favor of defendant, we do not feel at liberty to disturb the court's conclusion.

*By the Court.*— The order appealed from is affirmed.