ᵢWILBUR LUMBER COMPANY, Appellant, vs. MILWAUKEE
LIGHT, HEAT & TRACTION COMPANY, Respondent.

*January 8—January 28, 1908.*

*Eminent domain: Compensation: Persons entitled: Interurban railways: Rights prior to statute granting them power to condemn.*

1. Where lands sought to be condemned were conveyed prior to the taking, the damages belong to the then, and not to the former, owner.

2. In proceedings by an interurban railway to condemn and permanently appropriate all that part of plaintiff's land lying within a city street on which it fronts and abuts, including the common right to the free and unobstructed use of said street to the extent of the full width thereof, it appeared that in October, 1898, the plaintiff acquired title to such land; that prior thereto and pursuant to a franchise therefor, there had been constructed thereon street railway tracks which were and had been continuously used by defendant for both urban and interurban traffic, using the same roadbed and appliances, and that at no time during the ownership of plaintiff's grantor was there any authority of law for the taking of the land in question for the purposes of an interurban railway, or for compensation or damages for such taking. *Held:*

    (1) Defendant acquired no right in the land when owned by plaintiff's grantor by the mere construction and operation of its interurban railway.

    (2) So far as plaintiff's grantor was concerned, the use for interurban purposes during his ownership was a continuing trespass.

    (3) The acts of the defendant in the occupation and use of such street for interurban purposes did not operate to give it any rights whatever to any permanent use for such purposes.

    (4) The property did not pass to plaintiff burdened with any easement for interurban purposes, since no such easement was or could be created up to the time of such conveyance nor prior to the enactment of ch. 465, Laws of 1901, providing for condemnation of land for interurban railways.

3. In such case whatever damages, if any, accrued to plaintiff's grantor while he was owner of the property were merely for trespass occasioned by the operation of interurban cars over his property and not for a taking or permanent appropriation thereof for interurban railway purposes.

4. In such case plaintiff is *held* entitled to recover the damages occasioned by the taking and appropriation of its land for interurban railway purposes.

5. In such case, under the evidence, stated in the opinion, plaintiff is *held* entitled to substantial damages, the amount thereof to be determined by a jury, and it was therefore error to direct a verdict for six cents in its favor.

APPEAL from a judgment of the circuit court for Waukesha county: JAMES J. DICK, Circuit Judge. *Reversed.*

It appears from the record that in 1897 the city of Waukesha granted to the Waukesha Electric Railway Company, its successors and assigns, authority to lay a single track for an electric street railway, with all necessary and convenient turnouts, side-tracks, and switches, on certain streets in the city of Waukesha, and to keep, use, and operate thereon railway cars upon conditions named in said franchise, and for and during the term of fifty years from the date of said franchise. By amendment duly passed March, 1898, the right to construct was extended on streets other than those named in the original franchise, including Madison street, upon which the real estate of appellant sought to be condemned in this action is situate. In pursuance of these franchises said single-track railway was constructed in 1898, but the same included two tracks over the land in question. Afterwards and in May, 1900, the city of Waukesha granted to said Waukesha Electric Railway Company, its successors and assigns, right and authority to lay a double track over certain streets in the city of Waukesha, including Madison street, and operate the same for a street railway, with all necessary cross-overs and switches for street railway purposes; that the two tracks and appliances constructed in 1898 over the land in question became and continued to be used and operated as a part of the double-track system; that from the time of the construction of said railway in 1898 and down to the time appellant acquired title said railroad was used for street railway and also for inter-

urban purposes, although the franchises only granted the right for street railway purposes. It further appears that prior to the 20th day of October, 1898, the land of the appellant sought to be condemned in this action was owned by one Frederick Dick, and that on that day the appellant, *Wilbur Lumber Company,* acquired title thereto, and ever since has been the owner thereof; that the respondent, assignee of the Waukesha Electric Railway Company, is an electric street and interurban railway company, and since 1898 has been operating interurban cars on Madison and other streets in the city of Waukesha over the tracks hereinbefore referred to; that in the month of September, 1904, the respondent filed a petition in the circuit court for Waukesha county praying for the appointment of commissioners to appraise the compensation to be paid to the appellant for the real estate in question, claimed to have been taken by it for an interurban railroad right of way. The petition alleged the construction of a single-track railway in the year 1898 and its operation until June, 1900, when a double-track system was installed, and that the line has been operated since first installed from the city of Milwaukee to the city of Waukesha over the land in question. The petition further states that it requires and that it is necessary to acquire so much of the lots and parcels of land fronting and abutting on several streets, including Madison street, as lies within the said streets, including the common right in the free and unobstructed use of said streets to the extent of the full width thereof, for the construction of a double-track electric railway. It is further alleged, in substance, that it desires in the proceeding to condemn and permanently appropriate all that part of appellant's land which lies within the street and all the rights of property, including the common right to the free and unobstructed use of said street, to the extent of the full width thereof. On January 10, 1905, said commissioners filed their award. Both parties appealed to the circuit court

from said award.   After the evidence was in on the trial in the circuit court a verdict was directed in favor of the plaintiff for six cents, and the plaintiff's motion to set the verdict aside and for judgment for $3,000 damages, and also motion for new trial on the minutes, were denied.   Judgment was entered awarding the respondent costs, from which this appeal was taken.

For the appellant there was a brief by *Frame & Blackstone,* and oral argument by *H. J. Frame.*

For the respondent there was a brief by *Ryan, Merton & Newbury,* attorneys, and *Clarke M. Rosecrantz,* of counsel, and oral argument by *Mr. T. E. Ryan* and *Mr. Rosecrantz.*

KERWIN, J.   There is evidence tending to show that the real estate in question was substantially damaged by the maintenance and operation of the interurban electric railway.   In fact this is not seriously disputed; but it is insisted by counsel for respondent that the damages caused by the appropriation for interurban railway purposes belong to Frederick Dick, former owner of the land, if any damages can be recovered, and not to the appellant.   This contention involves the question when the taking of the land for an interurban electric railway occurred.   If before the appellant acquired title to the land sought to be condemned in this action, the damages do not belong to the appellant; if the taking occurred after the appellant acquired title, the damages occasioned by such taking belong to appellant.   This doctrine is well established.   *Pomeroy v. C. & M. R. Co.* 25 Wis. 641; *Milwaukee & N. R. Co. v. Strange,* 63 Wis. 178, 23 N. W. 432.   It is true that, while the double-track system was not installed until 1900, two tracks were constructed over the property in question in 1898, and such tracks and appliances became a part of the double-track system and continued substantially the same as when originally constructed in 1898, and that from 1898 interurban cars were operated over such

tracks, and said cars, tracks, and appliances were used for interurban as well as for street railway business. Upon these facts it is claimed by respondent that the land in question was taken and the damages accrued while Dick was the owner, and hence, under the doctrine of *Pomeroy v. C. & M. R. Co., supra,* and *Milwaukee & N. R. Co. v. Strange, supra,* there can be no recovery by appellant for such taking and damage.

The doctrine of these cases rests upon the right to acquire property for railway purposes at the time of the entry and construction of the railroad with the consent of the landowner. At no time during the ownership of Dick was there any authority of law for the taking of the land in question, and therefore no right could be acquired in the land then owned by Dick by the mere construction and operation of an interurban road. So far as Dick was concerned, the use for interurban purposes during his ownership was a continuing trespass. *Younkin v. Milwaukee L., H. & T. Co.* 112 Wis. 15, 87 N. W. 861. Prior to 1901 the respondent had no right to condemn the land in question for a right of way. It had no power to take by condemnation lands within the limits of the streets of the city of Waukesha for interurban purposes. When the tracks were constructed in *Pomeroy v. C. & M. R. Co.* and *Milwaukee & N. R. Co. v. Strange, supra,* the law authorized condemnation for such purposes, and provided that "in any case when a railroad corporation shall not have acquired title to the lands upon which they shall have constructed their roadbed or track or any part thereof, or if at any time after an attempt to acquire title by purchase, eminent domain or otherwise, it shall be found that the title thereby acquired is defective, the corporation may proceed to acquire or perfect such title in the manner hereinbefore provided." Sec. 1852, Stats. (1898). The "manner hereinbefore provided" refers to the prior proceedings respecting the condemnation of property for railroad purposes, and the statute referred to expressly authorizes the condemnation as well after the construction of the roadbed as before, and also

authorizes the landowner to institute condemnation proceedings if the corporation delays or omits to prosecute the same. So it has been held by this court that as the law stood when *Pomeroy v. C. & M. R. Co.* and *Milwaukee & N. R. Co. v. Strange* were decided, the entry into possession of the land by the railway company and the construction of its roadbed with the consent of the landowner amounted to a taking, and thereupon the damages became the property of the landowner, and the right or easement for railroad purposes passed to the railway company, subject to payment of damages to be assessed in the manner provided by statute. Secs. 1845–1849, 1852, Stats. (1898); *Pomeroy v. C. & M. R. Co.* 25 Wis. 641; *Milwaukee & N. R. Co. v. Strange,* 63 Wis. 178, 23 N. W. 432.

In the instant case, up to and long after the time that appellant had acquired title to the land, there was no law providing for compensation or damages for taking land in a street for interurban purposes. Therefore there could be no taking or permanent appropriation for such purpose by the construction of railroad tracks and appliances in the streets of the city of Waukesha for interurban purposes. There being no right to take for interurban purposes and no remedy provided for compensation during the ownership of Dick, the acts of the respondent in the use of the streets for interurban purposes operated to give it no rights whatever to any permanent use. The property did not pass from Dick to appellant burdened with any easement for interurban purposes, because no such easement was or could be created up to the time of such conveyance nor prior to the passage of ch. 465, Laws of 1901, providing for condemnation of land for interurban purposes. Therefore *Pomeroy v. C. & M. R. Co.* and *Milwaukee & N. R. Co. v. Strange, supra,* have no application. *Pick v. Rubicon H. Co.* 27 Wis. 433; *Sweaney v. U. S.* 62 Wis. 396, 22 N. W. 609. We are cited by counsel for respondent to *Stewart v. Milwaukee E. R. & L. Co.* 110 Wis. 540, 86 N. W. 163; but it will be seen that the controlling

question in the instant case, namely, to whom do the damages belong, was not in that case. Moreover, the *Stewart Case* is clearly distinguishable on other grounds not necessary to consider here, but which are discussed in *Brickles v. Milwaukee L., H. & T. Co., post,* p. 358, 114 N. W. 810.

We think it clear that whatever damages, if any, accrued to Dick while he was the owner of the propery were merely for trespass occasioned by the operation of interurban cars over his property and not for a taking or permanent appropriation thereof for interurban railway purposes, and therefore the damages occasioned by the taking and appropriation of the land of the appellant for interurban purposes belong to appellant and it is entitled to recover therefor in this action. Upon the evidence produced the appellant was entitled to substantial damages, and the amount of such damages should be determined by a jury. The court below, therefore, was in error in directing a verdict for six cents in favor of appellant and awarding the respondent costs. Judgment, therefore, must be reversed.

*By the Court.*—The judgment of the court below is reversed, and the action remanded for a new trial.